# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| DANIELLE LOTHER, et al., <br> Plaintiffs, <br> v. <br> CITY OF MOUNTAIN VIEW, et al., <br> Defendants. | Case No. 19-cv-05848-VKD <br><br> **ORDER GRANTING PLAINTIFFS' MOTION TO APPROVE MINORS' COMPROMISE** <br><br> Re: Dkt. No. 35 |

In this civil rights action, plaintiffs Danielle and Douglas Lother, and their minor children M.L. and A.L.,[1] move the Court for approval of their settlement with all defendants, the City of Mountain View ("City") and its individually named police officers; the County of Santa Clara ("County") and social worker Joseph Phan; and American Medical Response ("AMR") and its employee, Laura Yamada. Dkt. No. 35. The Court subsequently held a status conference at which all defendants stated that they do not oppose plaintiffs' motion. Dkt. No. 41. Upon consideration of the motion and supporting papers, the Court grants the motion, finding that the settlement is fair and reasonable.[2]

According to plaintiffs, the defendants subjected M.L. to an unlawful and unfounded "sexual assault examination." Dkt. No. 35 at ECF 2. A.L., who is M.L.'s sister, was questioned by some of the defendants and was aware of defendants' alleged conduct with respect M.L. Dkt.

---

[1] At plaintiffs' request, the Court appointed Mr. Lother as guardian ad litem of M.L. and A.L. Dkt. No. 23.

[2] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

1  No. 1 ¶¶ 6, 7, 81, 153. Plaintiffs assert claims under 42 U.S.C. § 1983 for violation of their rights under the Fourth and Fourteenth Amendments of the United States Constitution. The complaint also asserts state and common law claims for violation of California Civil Code § 52.1, battery, false imprisonment, negligence, and intentional infliction of emotional distress. Dkt. No. 1.

Plaintiffs have not provided the Court with the underlying settlement agreement, but they represent that they have agreed to settle all of their claims, including plaintiffs' appeal rights and attorneys' fees, for a total of $600,000, without any admission of liability by any defendant for the acts complained of, and with each side to bear its own fees and costs. Dkt. No. 35 at ECF 5-6. The $600,000 settlement is to be apportioned as follows: $106,666.67 to M.L., $53,333.33 to A.L., and $440,000 to Mr. and Mrs. Lother. Plaintiffs' counsel's costs of $1,415.00 will be deducted from Mr. and Mrs. Lother's portion of the settlement. Additionally, plaintiffs' counsel seeks 25% of M.L.'s and A.L.'s share of the settlement, i.e., $40,000, in payment of his fees. The net sum of M.L.'s and A.L.'s share of the proceeds, i.e., $120,000, will be paid by the County and placed in two structured settlement annuities (i.e., $80,000 in one account for M.L. and $40,000 in another account for A.L.), with incremental sums payable when the girls each reach 18, 22 and 25 years of age. Dkt. No. 35-1 at ECF 9, 11. The balance of the settlement funds, i.e., $480,000, will be paid by defendants to plaintiffs' counsel as follows: $350,000 to be paid by the City; $80,000 to be paid by the County; and $50,000 to be paid by AMR. After deducting costs pursuant to plaintiffs' retainer agreement, plaintiffs' counsel says he will provide Mr. and Mrs. Lother with their net share of the proceeds.[3] In sum, after the deduction of fees and costs, each plaintiff will receive the following net settlement: $80,000 to M.L. in a structured annuity; $40,000 to A.L. in a structured annuity; and $438,585 to Mr. and Mrs. Lother.

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the

---

[3] As a practical matter it appears that plaintiff's counsel will also deduct his $40,000 in fees from the $480,000 of the settlement proceeds that are not being placed in structured annuities.

2

settlement serves the best interests of the minor.'" *Id*. (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir.1978)). "In other words, in this context, the fairness determination is an independent, not a comparative inquiry." *Id*. at 1182. Thus, courts must "focus[] on the net recovery of the minor plaintiffs under the proposed agreement," and "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Id*. at 1181-82. "Most importantly, the district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id*. at 1182. Although the Ninth Circuit expressly limited its holding in *Robidoux* to cases involving the settlement of a minor's federal claims, *see id.* at 1179 n.2, courts in this district have applied the *Robidoux* standard in cases involving the settlement of both federal and state claims. *See J.R. by and through Ringer v. Lakeport Unified Sch. Dist*. No. C18-06211 WHA, 2019 WL 6219034, at *2 (N.D. Cal. Nov. 21, 2019) (citing cases).

As noted above, under the proposed settlement, plaintiffs' attorneys' fees will be deducted solely from the minors' share of the proceeds. The Court therefore focuses on whether the deduction of those fees reduces M.L.'s and A.L.'s respective portions of the settlement to unfair or unreasonable levels. *See Robidoux*, 638 F.3d at 1182. Under the terms of the parties' agreement, the net settlement available to M.L. and A.L. is $80,000 and $40,000, respectively. Although plaintiffs have not cited the recovery obtained by claimants in any similar cases, the Court finds that the proposed settlement amounts for M.L. and A.L. are commensurate with, or greater than, recovery obtained in analogous cases. *See, e.g., J.C. v. Riverside Unified Sch. Dist.*, No. EDCV 19-576 JGB (SPx), 2019 WL 6520046 (C.D. Cal. July 12, 2019) (approving a settlement of $10,000, with $7,100 allocated to the minor and 25%, or $2,500, allocated for attorneys' fees and $400 in costs, arising out of claims that defendants detained and conducted an unlawful strip search of the minor plaintiff, without the consent of his guardian); *Watkins v. Dossey*, No. 1:08cv-01168-SKO, 2013 WL 4541468 (E.D. Cal. Aug. 27, 2013) (approving, in a case arising out of a police officers' strip search of plaintiffs in their home, a settlement of $35,000, with 20% allocated

3

1    to attorneys' fees, and $8,096.54 distributed to each plaintiff, with the minor's portion to be placed
2    in a blocked account until he reached 18 years of age); *Castaneda v. Wendell*, No. 1:05-cv-0604
3    OWW DLB, 2007 WL 1322357 (E.D. Cal. May 2, 2007) (recommending, in a case arising out of
4    the strip search of the minor plaintiffs, approval of a settlement in the amount of $45,000, of
5    which $12,060.47 would pay for attorneys' fees and costs, with the remaining $32,939.53 to be
6    deposited in a blocked account insured with the Federal Deposit Insurance Corporation until the
7    minor reached the age of majority), *report and recommendation approved by Casteneda v.*
8    *Wendell*, No. CV F05-00604 LJO DLB, 2007 WL 1412296 (E.D. Cal. May 11, 2007).

As for the proposed annuities structured to be paid in increments after M.L. and A.L. each reach 18 years of age, courts have opined that such arrangements are preferable to those resulting in a lump sum payment. *See, e.g., McCue v. South Fork Union Sch. Dist.*, No. 1:10-cv-00233-LJO-MJS, 2012 WL 2995666, at *4 n.1 (E.D. Cal. July 23, 2012) (noting that "lump sum payments generally are thought unwise based upon the belief that most recipients immediately squander their new-found riches."). Plaintiffs further state that the settlement has been reached in consultation with a settlement consulting firm, and that Mr. Lother has, on behalf of his daughters, reviewed and approved the settlement and distribution of the proceeds. Dkt. No. 35 at ECF 2, 5. The Court has been given no reason to question plaintiffs' decision as to the chosen structured annuity and does not substitute its judgment for that of plaintiffs or their counsel.

Additionally, plaintiffs note that, in view of their young age, M.L. and A.L. will be dependent on their parents for years to come and will thus also benefit from Mr. and Mrs. Lother's portion of the settlement proceeds, including for the payment of any further therapy or treatment (without reimbursement from the minors' settlement proceeds) arising out of defendants' alleged conduct. Dkt. No. 35-2 ¶¶ 31-32.

Based on the foregoing, plaintiffs' unopposed motion for approval of minors' compromise is granted. By **February 18, 2020**, the parties shall file a joint status report stating when they

4

anticipate filing a stipulation for dismissal.

**IT IS SO ORDERED.**

Dated: February 7, 2020

VIRGINIA K. DEMARCHI
United States Magistrate Judge